UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

BRENDA JONES, et al.,                        :

                       Plaintiffs,           :        15cv6623 (DLC)

                                             :

         -v-                                 :        MEMORANDUM OPINION
                                                      & ORDER
                                             :

L-3 COMMUNICATIONS INTEGRATED SYSTEMS,       :
L.P., et al.,
                                             :

                       Defendants.           :

------------------------------------------X

DENISE COTE, District Judge:

     The plaintiffs in this action have filed claims against

three related corporate entities arising out of a 2011

helicopter crash in Georgia.  This action was transferred by the

United States District Court for the District of Connecticut on

August 4, 2015 to this district.  On September 4, one of the

three defendants -- L-3 Communications Integrated Systems, L.P.

("L-3 Integrated Systems") -- filed two motions to dismiss

pursuant to Fed. R. Civ. P. 12(b)(2), asserting that there is no

personal jurisdiction over L-3 Integrated Systems in this

district.  The motions became fully submitted on October 2.

     At the pretrial conference held on October 2, the Court

permitted the parties to make additional submissions regarding

their preferred venue should the Court find there is no personal

jurisdiction over L-3 Integrated Systems in this district.

Defendants and plaintiffs submitted letters regarding transfer on October 6 and October 7, respectively.

The plaintiffs contend there is both general and specific jurisdiction over L-3 Integrated Systems. "[A] corporation may . . . be subject to general jurisdiction in a state only where its contacts are so continuous and systematic, judged against the corporation's national and global activities, that it is essentially at home in that state." Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 135 (2d Cir. 2014) (citation omitted). New York's long-arm statute provides for specific personal jurisdiction over certain non-domiciliaries. N.Y. C.P.L.R. § 302(a). In relevant part, Section 302(a)(1) allows the exercise of personal jurisdiction over an out-of-state defendant if the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." Id. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (citation omitted).

This Court lacks both general and specific jurisdiction over L-3 Integrated Systems. L-3 Integrated Systems is a Delaware limited partnership with its principal place of

business in Greenville, Texas.  It has no officers or employees in New York and conducts no business in New York.  Nor does it use, own, or possess any real property in New York.  There is no suggestion that its work in connection with the helicopter at issue occurred in New York.

Plaintiffs' use of L-3 Integrated Systems' federal tax documents listing a New York address and general statements on L-3 Integrated Systems' website fails to demonstrate that L-3 Integrated Systems is "at home" in New York or that it conducts any business in New York from which the plaintiffs' claims arose.[1]  L-3 Integrated Systems is a subsidiary of the co-defendants and their joint filing of federal tax returns identifying New York as their principal place of business, which is the state in which parents L-3 Communications Corporation and L-3 Communications Holdings, Inc. are headquartered, is insufficient to establish personal jurisdiction over L-3 Integrated Systems.[2]

---

[1] Plaintiffs state that "[t]he United States District Court for the District of Connecticut has found that L-3 Integrated Systems is essentially at home in New York."  The August 4, 2015 Order of the District Court of Connecticut, however, made no finding that L-3 Integrated Systems was subject to personal jurisdiction in New York.

[2] L-3 Integrated Systems is a limited partnership whose partners are L-3 Communications AIS GP Corporation and L-3 Communications Investments, Inc.  These two partners are wholly owned by L-3 Communications Corporation, which is in turn wholly owned by L-3

In the event there is a finding that there is no personal jurisdiction over L-3 Integrated Systems, plaintiffs request a transfer of this case to the United States District Court for the District of Delaware. The parties all agree that this action should proceed in a single district and that the District of Delaware has personal jurisdiction over the three defendants. The defendants request a transfer to the Northern District of Texas based on, inter alia, the location of L-3 Integrated Systems' headquarters in Greenville, Texas.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Some of the factors a district court is to consider are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (citation omitted). Here, the plaintiffs' choice is accorded weight. Moreover, several of the remaining

Communications Holdings, Inc. It is these latter two companies that the plaintiffs have named as co-defendants.

4

factors are either neutral or favor the plaintiffs.

Accordingly, it is hereby

ORDERED that the Clerk of Court is directed to transfer this case to the District of Delaware.

Dated:    New York, New York
          October 21, 2015

                                     DENISE COTE
                      United States District Judge